**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**JUNG SIK KIM,**

                **Plaintiff,**

      **v.**                     **CASE NO. 06-3013-SAC**

**STATE OF KANSAS, et al.,**

                **Defendants.**

**MEMORANDUM AND ORDER**

This action was filed as a civil rights complaint pursuant to 42 U.S.C. 1983 by an inmate of the Hutchinson Correctional Facility, Hutchinson, Kansas. Plaintiff was convicted in 1991 in the District Court of Wyandotte County, Kansas, of 2nd degree murder and attempted 1st degree murder, and sentenced to two concurrent terms of 15 years to life[1].

Plaintiff initially submitted $150 with his complaint, which he asked the court to accept as partial payment of the required filing fee of $250. He has also submitted a motion for leave to proceed in forma pauperis (Doc. 2) without prepayment of the full fee. The court finds plaintiff's motion should be granted because certified financial records indicate he is unable to pay the full fee at this time. However, plaintiff remains responsible for the entire fee through payments[2] from his inmate

---

[1] Plaintiff exhibits "Program Classification Review," a KDOC document dated September 3, 2002. This exhibit indicates his "controlling sentence" as "I Min 015 00 Max 999 99."

[2] Pursuant to 28 U.S.C. 1915(b)(2), the Finance Officer of the facility where plaintiff is incarcerated is directed by a copy of this order to collect twenty percent (20%) of the prior month's income each time the amount in plaintiff's account exceeds ten dollars ($10.00) until the filing fee has been paid in

trust fund account as authorized by 28 U.S.C. 1915(b)(2).

Plaintiff complains that defendant, State of Kansas, is violating his due process rights by "not applying and enforcing" a provision of the federal "Truth in Sentencing Act," namely 42 U.S.C. 13704(a)(1).  Plaintiff asserts this federal statute contains "mandatory language with requiring substantive predicates," which have created a liberty interest in him.  In particular, he alleges he is a Part 1 Violent Crime Offender and contends this statute requires that such offenders be released after serving 85% of their sentence.  He alleges that "on or about June of 2003," he had served 12 years and 9 months, or 85% of 15 years.

The court is asked to declare that Kansas has violated plaintiff's due process rights, 42 U.S.C. 13704, and "the Obligation of Contracts to the plaintiff as a third party beneficiary."  Plaintiff seeks money damages for the alleged violations of his constitutional and contract rights and for lost wages, as well as punitive damages.  He also seeks injunctive relief requiring Kansas to apply and enforce Section 13704.

Because plaintiff is a prisoner, the court is required to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant immune from such relief.  28 U.S.C. 1915A(a)and (b).

Having reviewed the materials filed, the court finds this

---

full.  Plaintiff is directed to cooperate fully with his custodian in authorizing disbursements to satisfy the filing fee.

2

action is subject to being dismissed for the following reasons. First, plaintiff has not adequately pled exhaustion of administrative remedies on his all claims. 42 U.S.C. 1997e(a) directs:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

Id.; see also Porter v. Nussle, 534 U.S. 516, 520 (2002)(exhaustion requirement of Section 1997e(a) applies to all prisoners seeking redress for prison circumstances or occurrences); Booth v. Churner, 532 U.S. 731 (2001)(Section 1997e(a) requires prisoners to exhaust administrative remedies regardless of the relief sought and offered through administrative channels). The Tenth Circuit has held that this provision imposes a pleading requirement on the prisoner, so that "a complaint 'that fails to allege the requisite exhaustion of remedies is tantamount to one that fails to state a claim upon which relief may be granted'." Steele v. Fed. Bureau of Prisons, 355 F.3d 1204, 1210 (10th Cir. 2003), cert. denied, 543 U.S. 925 (2004). If the court determines that the prisoner has failed to exhaust available administrative remedies, it must dismiss the action. Id. at 1212; Boss v. County Bernalillo, 365 F.3d 1181, 1189 (10th Cir. 2004). Plaintiff alleges he has exhausted the prison administrative grievances procedures. In order to adequately plead exhaustion, the prisoner is required to "attach a copy of the applicable administrative dispositions to the complaint or, in the absence of written documentation, describe

3

with specificity the administrative proceeding and its outcome." <u>Id</u>. While the complaint in this case includes written documentation of administrative responses, these exhibits do not indicate that plaintiff raised the same claims in his administrative grievances as presented in the complaint. For example, there is no indication that plaintiff claimed denial of due process through violation of the federal Act or breach of contract in his administrative appeals. Instead, it appears plaintiff sought only[3] to have his sentence converted under the Kansas Sentencing Guidelines Act (KSGA). For this reason, the court finds the complaint subject to being dismissed for failure to state a claim.

Second, plaintiff fails to name a proper defendant for his money damages claim. The State of Kansas is immune from suit for money damages. Plaintiff names no other defendant. The court therefore finds that plaintiff's claims for money damages are subject to dismissal for failure to name a proper defendant.

Third, the gist of plaintiff's complaint is that he is being confined illegally by the State of Kansas. Plaintiff repeatedly states he should have been released in 1999 and 2003. To the extent plaintiff seeks to challenge the execution of his sentence by the State of Kansas, his remedy in federal court is by petition for writ of habeas corpus filed under 28 U.S.C. §§ 2241. <u>Hamm v. Saffle</u>, 300 F.3d 1213, 1216 (10th Cir. 2002). The court might construe some of plaintiff's claims as brought under

---

[3] Total exhaustion of all claims raised is required. If a prisoner submits a complaint containing one or more unexhausted claims, the district court ordinarily must dismiss the entire action without prejudice. <u>Ross v. County of Bernalillo</u>, 365 F.3d 1181, 1190 (10th Cir. 2004).

Section 2241; but is prevented from doing so because plaintiff seeks money damages. Moreover, plaintiff does not appear to have exhausted state judicial remedies on all his habeas claims. Federal habeas corpus relief may not be granted to a state prisoner absent a showing that all available state court remedies have been exhausted. Id. (the exhaustion of state remedies includes both administrative and state court remedies); *citing,* Montez v. McKinna, 208 F.3d 862, 866 (10th Cir. 2000), *citing*, Coleman v. Thompson, 501 U.S. 722, 731 (1991); see also O'Sullivan v. Boerckel, 526 U.S. 838, 842-45 (1999)(when prisoner alleges state conviction violates federal law, state courts must have full opportunity to review claim prior to prisoner seeking federal relief). Plaintiff makes no showing that he has raised his habeas claims based upon the federal law and breach of contract in the state courts. It follows that plaintiff's allegations challenging his continued confinement are subject to being dismissed without prejudice.

Finally, the court finds that the factual allegations in the complaint fail to state any claim whatsoever. Plaintiff alleges 42 U.S.C. 13704 is part of the Violent Crime Control and Enforcement Act of 1994, whose purpose was to get tough on violent crime. In support of his claim under this Act, plaintiff alleges Congress, having determined that state offenders were serving less time than federal offenders, made grant money available to encourage the states to conform to the tougher 85% federal rule and to facilitate "the transition to TIS and to increase prison capacity." Plaintiff also alleges any State may

voluntarily submit an application to the U.S. Attorney for grant money, and that Kansas has committed to the program.  Even taking these allegations as true, no claim for relief is stated.

Plaintiff reads a requirement into the federal statute which is not there and cannot be inferred from its express terms.  42 U.S.C. 13704, Truth-in-sentencing incentive grants, provides:

> (a)  Eligibility
> To be eligible to receive a grant award under this section, a State shall submit an application to the Attorney General that demonstrates that–
>
> (1)(A) such State has implemented truth-in-sentencing laws that--
>     (i) require persons convicted of a part 1 violent crime to serve not less than 85 percent of the sentence imposed (without counting time not actually served, such as administrative or statutory incentives for good behavior); or
>     (ii) result in persons convicted of a part 1 violent crime serving on average not less than 85 percent of the sentence imposed (without counting time not actually served, such as administrative or statutory incentives for good behavior);
>   (B) such State has truth-in-sentencing laws that have been enacted, but not yet implemented, that require such State, not later than 3 years after such State submits an application to the Attorney General, to provide that persons convicted of a part 1 violent crime serve not less than 85 percent of the sentence imposed (without counting time not actually served, such as administrative or statutory incentives for good behavior); or
>   (C) in the case of a State that on April 26, 1996, practices indeterminate sentencing with regard to any part 1 violent crime--
>     (i) persons convicted of a part 1 violent crime on average serve not less than 85 percent of the prison term established under the State's sentencing and release guidelines; or
>     (ii) persons convicted of a part 1 violent crime on average serve not less than 85 percent of the maximum prison term allowed under the sentence imposed by the court (not counting time not actually served such as administrative or statutory incentives for good behavior).

From the plain language of this statute, it is clear only that a

part 1 violent crime offender is required to serve at least 85% of his sentence.  Plaintiff's interpretation that this language mandates his release upon having served 85% of his sentence is not supported by the statutory language or logic.  The statute does not provide that an offender may not be required to serve more than 85%.    Plaintiff further alleges he has been assigned a "guideline release date," and that "on its face, Kansas has complied with § 13704."  However, he complains Kansas is being deceptive because the guideline release date is only a parole eligibility date.  He claims Kansas is violating federal criminal statutes on fraud, deception and misappropriation of federal funds.  Since the court finds no merit to plaintiff's claim that Section 13704 is being violated, these claims based upon the alleged violation are equally without merit.

Plaintiff also claims Kansas is violating contract obligations to which he is a third party beneficiary.  In support, he alleges Kansas "entered into a legally binding contract with the U.S. Attorney General by submitting an application for VOI/TIS grant money."  He asserts he is a third party beneficiary as a part 1 violent crime offender, and that Kansas has breached the contract by not requiring him to serve 85% of his sentence.  Again, the court is presented with no authority or reason for plaintiff's interpretation of Section 13704; and finds this claim based upon plaintiff's erroneous interpretation has no merit.

Plaintiff also argues that 42 U.S.C. 13704(a)(3)(A) mandates that he serve 85% of something other than his maximum sentence.

7

He claims he may only be required to serve 85% of "the sentence under the sentencing and release guidelines for Kansas," which he notes are codified in the Kansas Sentencing Guidelines Act (KSGA). In support, he exhibits a Kansas Sentencing Guidelines "sentencing range grid," and alleges he is a Severity Level 1 and Category 1 offender. However, he highlights a Category "I" (alphabetical capital "i"), which is "1 Misdemeanor No Record" calling for a range of 92, 97, 103, rather than a category "1" offense[4]. On this basis, he asserts that on or about April, 1999, he had served 85% of his maximum range of 103 months.

Plaintiff provides no reason why his crimes would fall into the "I" category. Instead, plaintiff's class B felony offenses appear to fit under Category "D": "1 Person Felonies" with a range of 167, 158, 150 under Severity Level I. Furthermore, subsection (ii) of 42 U.S.C. 13704(a)(1)(C) appears to apply to plaintiff rather than subsection (i) relied upon by him. Subsection (ii) provides that persons convicted of part 1 violent crime shall serve "not less than 85 percent of the <u>maximum prison term allowed under the sentence imposed by the court</u> " (emphasis supplied). In any event, plaintiff has provided evidence that his offenses do not even fall under the KSGA. Thus, his exhibits provide absolutely no support for his claims.

For all the foregoing reasons, plaintiff will be given time to show cause why the complaint should not be dismissed as stating no claim for relief. 28 U.S.C. 1915A(b)(1); <u>see</u> <u>also</u>, 28 U.S.C. 1915(e)(2)(B)(ii)("Notwithstanding any filing fee, or any

---

[4] The offense categories on the grid are "A" through "I" rather than numerical.

portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted.").

**IT IS THEREFORE ORDERED** that plaintiff is granted leave to proceed in forma pauperis (Doc. 2).

**IT IS FURTHER ORDERED** that plaintiff is granted twenty (20) days to show cause why the complaint should not be dismissed for the reasons stated herein.

Copies of this Order shall be transmitted to plaintiff and to the Finance Officer where plaintiff is currently confined.

**IT IS SO ORDERED.**

Dated this 3rd day of February, 2006, at Topeka, Kansas.

s/Sam A. Crow
U. S. Senior District Judge
