```
          IN THE UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF KANSAS
```

**JUNG SIK KIM,**

                         **Plaintiff,**

          v.                            CASE NO. 06-3013-SAC

**STATE OF KANSAS, et al.,**

                         **Defendants.**

### O R D E R

Plaintiff herein was given time to show cause why this action, filed as a civil rights complaint, should not be dismissed for the reasons stated in the court's Memorandum and Order of February 3, 2006. Plaintiff has since filed a Motion for Leave to File an Amended Complaint (Doc. 6) with attached Amended Complaint, and a Response to Memorandum and Order (Doc. 7). Having examined the Motion with attachments and the Response, the court finds as follows.

Plaintiff has submitted with his Motion to Amend and proposed Amended Complaint copies of grievances filed by him. These exhibits indicate he has exhausted administrative remedies on his claim that he is entitled to immediate release based only upon provisions in the "Violent Crime Control and Law Enforcement Act of 1994," which plaintiff refers to as the "Truth in Sentencing Act," in particular, 42 U.S.C. 13704(a)(1). Consequently, the court finds plaintiff has exhausted

administrative remedies on this claim. However, the court is not convinced that plaintiff has exhausted administrative remedies on any other claims which might be liberally construed from his allegations. In any event, plaintiff disavows that he is raising any claims not based on the cited federal statute.

The court further finds plaintiff's claim based upon 42 U.S.C. 13704 and other provisions of the cited federal law is patently frivolous. No due process or contract rights accrue to inmates under these provisions as a result of Kansas seeking or receiving grant money. Plaintiff does not specify any wording in the Act which mandates that he be released upon serving 85% of his sentence, as he argues. Nothing in plaintiff's Response or proposed Amended Complaint overcomes this deficiency, which was set forth in the court's prior Memorandum and Order.

Moreover, the court remains convinced despite plaintiff's arguments to the contrary, that the essence of his claim that he is being held beyond the expiration of his lawful sentence is a habeas corpus matter for which exhaustion of state judicial remedies is a statutory prerequisite. Plaintiff alleges no facts indicating he has raised this claim in the state courts.

Plaintiff's proposed amendment to add the Governor of Kansas, the Secretary of Corrections, and two "unknown Kansas officials" responsible for disbursement of grant funds as defendants may cure the defect of naming only the State of

Kansas, which is immune from suit.  However, no facts are alleged showing that any of these defendants personally participated in any acts which resulted in plaintiff being illegally confined.  For all the foregoing reasons and for the reasons stated in the court's Memorandum and Order of February 3, 2006, the court finds plaintiff utterly fails to state a claim under 42 U.S.C. 1983.  It follows this action must be dismissed under 28 U.S.C. 1915A.

Plaintiff submitted a partial filing fee upon the filing of his complaint, and was granted leave to proceed in forma pauperis.  He owes a remaining balance of $100 in this matter. Plaintiff also owes a remaining balance in a prior case, <u>Kim v. Graves</u>, Case No. 03-3134 (Dec. 23, 2003), of $105.94. Plaintiff's remaining payments toward the $250 filing fee herein will commence upon satisfaction of his earlier fee obligations and will be calculated according to 28 U.S.C. 1915(b)(2). Plaintiff is directed to cooperate with his custodian and any future custodian to authorize the disbursement of funds to satisfy these payments.  The Finance Officer of the facility where plaintiff is housed will be advised by a copy of this order of these assessments.

**IT IS THEREFORE ORDERED** that plaintiff's payments will continue as directed until plaintiff satisfies the balance of the filing fees assessed in Case No. 03-3134 and in this matter.

**IT IS FURTHER ORDERED** plaintiff's motion to amend the complaint (Doc. 6) is granted, and the Clerk shall file his attached Amended Complaint.

**IT IS FURTHER ORDERED** that this action is dismissed for failure to state a claim and all relief is denied.

Copies of this order shall be mailed to plaintiff and the Finance Officer of the facility where plaintiff is incarcerated.

**IT IS SO ORDERED**.

Dated this 20th day of April, 2006, at Topeka, Kansas.

<u>s/Sam A. Crow</u>
U. S. Senior District Judge